IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL LEE GORDON                                                            PLAINTIFF

versus                                                    CIVIL ACTION NO. 3:15cv592-DPJ-FKB

MARSHALL FISHER, COMMISSIONER, et al.                               DEFENDANTS

## REPORT AND RECOMMENDATION

Before the Court is the Motion to Revoke Plaintiff's *In Forma Pauperis* Status [48] filed by Defendants Santana and Zepher, in this case filed pursuant to 42 U.S.C. § 1983. Gordon, a *pro se* prisoner,[1] was previously granted *in forma pauperis* ("IFP") status in this cause pursuant to 28 U.S.C. § 1915. Defendants Santana and Zepher argue that Gordon has on not less than three occasions, while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Gordon has not responded to the Motion to Revoke. For the reasons stated below, the undersigned recommends that Gordon's IFP status be revoked under 28 U.S.C. § 1915(g).

DISCUSSION

On April 26, 1996, the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA") became law. The PLRA modified the requirements for proceeding *in forma pauperis* in federal courts. Among other things, a prisoner's privilege to proceed IFP is revoked if the prisoner has, on three prior occasions during detention, had an action or appeal dismissed

---

[1] Gordon was convicted of seven Hobbs Act violations, 18 U.S.C. § 1851, and seven additional counts under 18 U.S.C. § 924(c), and he is currently serving a term of imprisonment of 137 years and six months. *United States v. Gordon*, 2000 WL 1785905 (6th Cir. Nov. 22, 2000).

as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g).[2] The Court must consider all actions which were dismissed as frivolous, malicious, or which failed to state a claim. *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PLRA, of a frivolous § 1983 claim). "A prisoner may still pursue any claim after three qualifying dismissals, but he or she must do so without the aid of the i.f.p. procedure." *Id.* at 386-387.

Defendants Santana and Zepher have made the Court aware that Gordon has, on not less than three occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[3] Therefore, the undersigned recommends revocation of the Plaintiff's IFP privilege pursuant to 28 U.S.C. § 1915(g). *Id.* at 387. As detailed in Defendants' motion, several

---

[2] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[3] In *Gordon v. Lappin*, 224 F. App'x 192 (3d Cir. 2007), the appellate court dismissed Gordon's appeal in a civil rights case for its failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B).

In *Gordon v. Hawk-Sawyer*, Civil Action No. 1:03cv177-RAS-ESH (E.D. Tex. Sept. 15, 2004), the district court dismissed Gordon's case pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* [48-3].

In *Gordon v. Durkin*, Civil Action No. 2:09cv919-JLG-MRA (S.D. Ohio Dec.4, 2009), the district court dismissed Gordon's case alleging malpractice against his former criminal lawyer for its failure to state a claim upon which relief may be granted. *See* [48-4].

other federal courts have denied or revoked Gordon's IFP status based on the dismissals in *Lappin*, *Hawk-Sawyer*, and *Durkin*.  *See* [49] at n.3.

Even so, Gordon could still be granted IFP status only if he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The Fifth Circuit has held that "imminent danger" for a prisoner with three strikes, such as Gordon, is evaluated "at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP."  *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  This Court has concluded that "the danger must exist at the time the complaint is filed."  *Edmonson v. Sollie*, Civil Action No. 3:13cv1069-HTW-LRA, 2015 WL 737425, at  *2-3 (S.D. Miss. Feb. 20, 2015)(collecting cases); *see also Banks v. Langford*, Civil Action No. 5:10cv53-KS-MTP, 2010 WL 1711757, *2 (S.D. Miss. Apr. 26, 2010)(Starrett, J.)(finding that "the danger must exist at the time the complaint is filed.") .

At the time Plaintiff signed his complaint on August 9, 2015, and signed his application to proceed IFP on August 17, 2015, he was housed at the Central Mississippi Correctional Facility ("CMCF") of the Mississippi Department of Corrections, located in Pearl, Mississippi. [1], [2].  As of September 21, 2015, he had been moved to the Mississippi State Penitentiary located at Parchman, Mississippi ("Parchman").  *See* [10]. On March 8, 2016, Gordon notified the Court that he had been transferred to a Bureau of Prisons facility, located in Coleman, Florida.  *See* [44].

In his original complaint, Gordon made vague allegations regarding his fear for his safety from prison gangs at CMCF, but he did not allege that he had suffered any injuries at the hands of guards or other inmates. [1].  In his amended complaint, received by the Court on December

17, 2015, and after his move to Parchman, he did not allege that he had suffered any physical injuries from fellow inmates or guards for the duration of his time at CMCF. [16]. However, in Gordon's amended complaint, signed by him on October 25, 2015, he did allege that he had been attacked by his cellmate on October 21, 2015, after the move to Parchman. [16] at 4.

According to *Banos,* the evaluation of "imminent danger" is made at the time of the filing of the complaint and the motion to proceed IFP. Gordon's original complaint made vague, unspecified allegations of threats of harm and danger -- harm and danger that did not materialize during his incarceration at CMCF. In fact, he fails to allege in this action that he suffered any serious physical injury during his time of incarceration at CMCF. Conclusory allegations of imminent danger "are insufficient to show that [plaintiff] was under imminent danger of serious physical injury. . . ." *See Smith v. Blount*, 258 F. App'x 630 (5th Cir. 2007). Furthermore, a claim of past danger, such as that alleged in his amended complaint, is insufficient to trigger the "imminent danger" exception of § 1915(g), especially in light of Gordon's transfer to a Bureau of Prisons facility in Florida. *See Davis v. Flagg*, Civil Action No. 4:10cv53-DPJ-FKB, 2011 WL 3207742, *2 (S.D. Miss. June 30, 2011); *see also Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999)(finding that a cessation of the threat prior to filing complaint and a lack of ongoing danger due to transfer were insufficient to trigger the § 1915(g) exception).

Accordingly, the undersigned recommends that Plaintiff's IFP status be revoked, and Plaintiff be given thirty (30) days, from the date of any order adopting this Report and Recommendation, to pay to the Clerk of Court the required $350.00 filing fee plus a $50.00 administrative fee. **Plaintiff is warned that failure to pay the filing fee will result in an order of dismissal for want of prosecution under Fed. R. Civ. P. 41(b).**

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 13th day of October, 2016.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE