UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL LEE GORDON                                                              PLAINTIFF

V.                                                     CIVIL ACTION NO. 3:15CV592 DPJ-FKB

MARSHALL FISHER, ET AL.                                                       DEFENDANTS

ORDER

This pro se prisoner action is before the Court on Plaintiff Michael Lee Gordon's motion to reopen the case [56] and motion to object to the Report and Recommendation [57]. Defendants Jose Santana and Christopher Zepher responded in opposition [59]. Plaintiff declined to file a reply, and the time to do so has passed. The Court, having considered the submissions of the parties along with the pertinent authorities, finds that Plaintiff's motion to reopen the case [56] should be granted to the extent that the arguments raised in his motion to object [57] have been considered and rejected. The Order [55] adopting the Report and Recommendation stands.

I.    Facts and Procedural History

Gordon, a federal inmate, filed this § 1983 action in August 2015, against multiple defendants, challenging the conditions of his confinement during his temporary housing at Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi. Compl. [1]. Magistrate Judge F. Keith Ball granted Gordon's motion to proceed *in forma pauperis* ("ifp"). Order [7]. Defendants Jose Santana and Christopher Zepher thereafter moved to revoke Gordon's ifp status pursuant 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Gordon did not respond to the motion, and Judge Ball recommended revoking ifp status. R&R [54]. In addition to addressing Gordon's prior filings, Judge Ball also rejected any suggestion that Gordon was in imminent danger of serious physical injury. *Id.*

Gordon did not file an Objection, and the Court adopted the unopposed Report and Recommendation, revoking ifp status and giving Gordon thirty days to pay the filing fee. Order [55]. Rather than pay the fee, Gordon asks the Court to reopen the case [56] and allow him to object to the Report and Recommendation [57]. Defendants Santana and Zepher oppose these requests [59].

II.     Analysis

Gordon's filings present two issues: (1) has he presented grounds for relief pursuant to Federal Rule of Civil Procedure 60(b) and (2) has he established "imminent danger" pursuant to § 1915(g).

Under Rule 60(b), the Court has discretion to relieve a party from an order under six circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Gordon claims he never received Defendants' motion to revoke his ifp status or Judge Ball's Report and Recommendation. Mot. [56] at 1. He therefore asks the Court

2

to reopen the case and order the Clerk to provide him with a copy of both documents. *Id.* While the Court has significant doubt regarding these claims, it will nevertheless consider the objections Gordon raises in his second motion [57].

Under § 1915(g), a prisoner is barred from proceeding ifp after three strikes "unless the prisoner is under imminent danger of serious physical injury." "[C]onclusional allegations are insufficient to show that [a prisoner] was under imminent danger of serious physical injury at the time that he filed his complaint, notice of appeal, or motion to proceed IFP on appeal." *Smith v. Blount*, 258 F. App'x 630, 630 (5th Cir. 2007) (citing *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998)).

Judge Ball correctly noted that Gordon made only vague allegations regarding fear for his safety from prison gangs at CMCF. R&R [54] at 3–4 (citing Compl. [1]; Am. Compl. [16]). Judge Ball also observed that Gordon claimed in his Amended Complaint that he had been attacked by his cellmate after being transferred to Parchman. *Id.* at 4 (citing Am. Compl. [16]). Importantly, Gordon claimed the attack occurred on October 21, 2015, and he signed his Amended Complaint on October 25, 2015. *Id.* As explained by Judge Ball, a claim of past danger is insufficient to trigger the "imminent danger" exception. *Id.* (citing *Davis v. Flagg*, No. 4:10-CV-00053-DPJ, 2011 WL 3207742, at *2 (S.D. Miss. June 30, 2011)).

Gordon's latest filing does not change the Court's conclusion. In his motion to object to the R&R, Gordon claims he was in "serious risk of danger" at CMCF when staff would take him out of his cell "in shackles, handcuffs and a belly chain" in front of "known prisoner gang members who threatened to harm, injure, and/or kill" him. Mot. [57] at 1. But these allegations lack specificity as to when they took place, who was involved, and what was said. Such vague allegations do not show imminent danger. *See Cloud v. Stotts*, 455 F. App'x 534, 535 (5th Cir.

2011) (finding prisoner's "bare assertions that he has been threatened at unspecified dates in the past by inmates who have beaten other inmates at the direction of one of the defendants does not rise to the level of a showing that he was in 'imminent danger of serious physical injury' when he filed his complaint"); *Duncan v. Hillman*, No. 2:07-CV-145-KS-MTP, 2007 WL 2458446, at *1 (S.D. Miss. Aug. 30, 2007) (finding plaintiff's allegations regarding the conditions of his confinement specifically the claims of retaliation, being threatened, and the defendants' failure to place him in a single cell and assign him a bottom bunk insufficient to meet the threshold requirement of imminent danger of serious physical injury); *see also Banos*, 144 F.3d at 884–85 (finding prisoner's claims that guards conducted body-cavity searches for purposes of sexual harassment, used excessive force, and assaulted him did not allege or establish imminent danger of physical injury); *Bankhead v. King*, No. 03-142, 2003 WL 21529822, at *3 (N.D. Tex. July 7, 2003) (allegations that prison guards used excessive force when removing plaintiff from his cell, failed to protect him, harassed him, and conspired against him, and that these actions were in part racially motivated, failed to establish imminent danger of serious physical injury).

Gordon also reiterates his allegations that upon transfer to Parchman he was denied protective custody and suffered injuries in an assault by an inmate. Mot. [57] at 2. Again, the "imminent danger" exception does not apply to past episodes, and this assault allegedly occurred before the filing of the Amended Complaint. *See King v. Livingston*, 212 F. App'x 260, 262 (5th Cir. 2006) (allegations of past attacks by inmates and prison officials which allegedly occurred six weeks before complaint was filed were insufficient to establish imminent danger). Indeed, Gordon is no longer in state custody. *See* Notice of Change of Address [44].

Thus, even considering the arguments raised in Gordon's motion to object to the R&R [57], revocation of ifp status is nevertheless appropriate.

III.     Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the outcome. For the reasons stated, Gordon's motion to reopen the case [56] is granted to the extent that the arguments raised in his motion to object [57] have been considered and rejected.  The Order [55] adopting the Report and Recommendation stands.

When Gordon's ifp status was revoked on November 8, 2016, he was given thirty (30) days to pay the filing fee.  He failed to do so, instead filing the instant motions on December 12 and 19, 2016.  **Gordon will be given a final opportunity to pay the $350.00 filing fee plus a $50.00 administrative fee within fourteen (14) days of this Order.  Failure to do so will result in dismissal for want of prosecution without further notice.**

**SO ORDERED AND ADJUDGED** this the 19th day of April, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE
